SOLOMON F. TOWNE *vs.* FITCHBURG MUTUAL FIRE INSURANCE
COMPANY.

If an application for insurance is expressly made a part of the policy, and the policy is also
made subject to the conditions and limitations expressed in the by-laws annexed, and
these by-laws provide that the policy shall be void if the application shall not contain a
full, fair and substantially true representation of all the facts and circumstances respect-
ing the property, so far as they are within the knowledge of the assured and material to
the risk, and the premises are subject to two mortgages made by the insured, the men-
tioning of only one of them, in reply to a question in the application, "Is the property
mortgaged or otherwise incumbered, and to what amount?" will avoid the policy. And
the fact that the insured did not then recollect the other mortgage is immaterial.

CONTRACT upon a policy of insurance for $1400, dated Octo-
ber 31, 1856, issued by the defendants upon the plaintiff's dwell-
ing-house and outbuildings, which were destroyed by fire within
the time covered by the policy. At the trial in the superior
court, *Rockwell*, J. directed the jury, upon facts which are stated
in the opinion, to return a verdict for the defendants, which they
accordingly did; and reported the case for the determination of
this court.

*W. W. Rice*, for the plaintiff, cited *Allen* v. *Charlestown Ins.
Co.* 5 Gray, 384; *Elliott* v. *Hamilton Ins. Co.* 13 Gray, 139;
*Richmondville Union Seminary* v. *Hamilton Ins. Co.* 14 Gray,
459; *Houghton* v. *Manufacturers' Ins. Co.* 8 Met. 114; *Daniels*
v. *Hudson River Ins. Co.* 12 Cush. 416; *Fletcher* v. *Common-
wealth Ins. Co.* 18 Pick. 419; *Strong* v. *Manufacturers' Ins. Co.*
10 Pick. 40; *Curry* v. *Commonwealth Ins. Co.* Ib. 535.

*P. C. Bacon & G. A. Torrey*, for the defendants, in addition
to cases cited for the plaintiff and in the opinion, cited *Patten* v.
*Merchants & Farmers' Ins. Co.* 38 N. H. 338; *Brown* v *People's
Ins. Co.* 11 Cush. 280; *Lowell* v. *Middlesex Ins Co.* 8 Cush.
127; *Richardson* v. *Maine Ins. Co.* 46 Maine, 394; *Gould* v.
*York County Ins. Co.* 47 Maine, 403; *Burritt* v. *Saratoga County
Ins. Co.* 5 Hill, (N. Y.) 188.

HOAR, J. The plaintiff obtained a policy of insurance upo
an application which it was agreed should "form part of the
contract to be taken in connection with this policy;" and the
policy was made subject to "the conditions and limitations

expressed in the rules and by-laws" of the insurance company. The 13th article of the rules and by-laws provided that the policy should become void " if the application shall not contain a full, fair and substantially a true representation of all the facts and circumstances respecting the property, so far as they are within the knowledge of the assured and material to the risk." The answers in the application were to interrogatories which followed this heading: " The said applicant makes the following statements, and gives the following answers to interrogatories here put relating to the risk." The 15th interrogatory was as follows: " Is the property mortgaged or otherwise incumbered, and to what amount?" To which the answer was, " To Orange Wheeler for $800." There was at the time another mortgage to G. H. Whitney, made by the plaintiff, but which he testified that he did not then remember, for $790; and the question is, whether the omission to disclose this mortgage ·made the policy void.

It cannot be doubted that if any answer made to the 15th interrogatory which was false, but not fraudulent, would avoid the contract, this would do so. If the defendants had a right to know the amount of incumbrance on the property which they were asked to insure — if it was a material inquiry to the contract — it cannot be pretended that the answer had any substantial approach to accuracy. There was nothing for a jury to pass upon. And the plaintiff is compelled to take the position that he had only bound himself to answer truly " so far as was material to the risk," and that the question relating to incumbrances had nothing to do with " the risk;" considering " the risk " to mean the liability of the property insured to loss or injury by fire. It was suggested in *Elliott* v. *Hamilton Ins. Co.* 13 Gray, 139, that the amount of incumbrances could hardly be material to the risk, and affected only the title of the party insured; which apparently supports this view of the plaintiff. But it is to be observed that the court were there speaking of the case of *Bowditch Ins. Co.* v. *Winslow*, 3 Gray, 415, and 8 Gray, 38, in which the covenants in the application and the conditions in the by-laws expressly distinguished between " the

risk" and "the title;" and that Elliott's case itself contained the same distinction. In the case now before us the interrogatories as to title and incumbrances are put under the same general description with those which relate to the situation and exposure of the property, as "interrogatories put relating to the risk." And we think it is apparent that the phrase "the risk" is here employed in the larger sense in which it is frequently used, and which denotes the whole subject matter of the contract of insurance.

But if it were not so, and the construction of the plaintiff were correct, the difficulty in his case is by no means removed. Admitting that the clause in the by-laws, which makes the policy void, has reference only to answers to questions which directly concern the hazards to which the property is exposed, it will follow that the qualification, "so far as they are material to the risk," has no application whatever to the other answers to interrogatories. The answers relating to title and incumbrances would then not be warranties; and the 13th article of the rules and by-laws would not include them in its provisions; but they would still remain a part of the application, which it was agreed should "form part of the contract to be taken in connection with the policy." They are representations, made as a basis of the insurance, and so are material to the contract, if not to the risk. As has often been held in this class of cases, the substantial misstatement of a fact which the insurer has made essential by a precise interrogatory, in the absence of anything which qualifies or limits the obligation to answer correctly, avoids the policy, without an express stipulation to that effect. *Davenport* v. *New England Ins. Co.* 6 Cush. 340. *Clark* v. *New England Ins. Co.* Ib. 342. *Hayward* v. *New England Ins. Co.* 10 Cush. 444. *Wilbur* v *Bowditch Ins. Co.* Ib. 446. *Draper* v. *Charter Oak Ins. Co.* 2 Allen, 569. The falsity of the statement was material to the rights of the insurers, and the contract obtained by means of it cannot be enforced against them.

The suggestion that the Whitney mortgage was not known to the plaintiff, because he did not happen to think of it at the time he applied for insurance, hardly needs attention. He knew

it, for he made it himself; and it was his duty to recollect it when he undertook to make statements on the subject by which the rights of others were affected.

*Judgment on the verdict for the defendants.*